IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| B&S WELDING LLC WORK RELATED INJURY PLAN, | § § § | |
| Plaintiff and Counter-Defendant, | § | |
| v. | § § | |
| JUAN PEDRO OLIVA-BARRON and AVELINA OLIVA, | § § § | No. 3:10-cv-01491-M |
| Defendants and Counter-Plaintiffs, | § § | |
| v. | § § | |
| B&S WELDING, LLC | § § | |
| Third Party Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Remand [Docket Entry #4]. For the reasons explained below, the Motion is **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY

On September 18, 2009, Plaintiff B&S Welding LLC Work Related Injury Plan (the "Plan") filed suit in the District Court of the 95th Judicial District, Dallas County, Texas, against Defendants Juan Pedro Oliva-Barron and Avelina Oliva (collectively "Defendants") seeking damages as a result of disability benefits paid by the Plan to Defendants for an injury Oliva-Barron claimed to have received. The Plan alleged that Defendants, by making false representations to the Plan about Oliva-Barron's injuries, with the intent that the Plan extend Defendants benefits, committed fraud and were unjustly enriched.

On October 9, 2009, Defendants answered, and filed a third-party complaint against

Oliva-Barron's employer, B&S Welding, LLC ("B&S"). On June 17, 2010, the state court granted summary judgment for B&S. On July 2, 2010, Defendants counterclaimed against the Plan, alleging the Plan conspired with B&S to wrongfully deny Defendants benefits and medical care and in so doing, breached its duty of good faith and fair dealing. Defendants also alleged that the Plan defrauded Defendants and breached a contract.

The Plan removed this case to federal court, alleging that Defendants' counterclaims were subject to exclusive federal jurisdiction under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Defendants now move to remand to state court.

## II. LEGAL STANDARD

The jurisdiction of federal courts is limited. Pursuant to 28 U.S.C § 1441, a defendant may remove a case from state court to federal district court where the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court may exercise original jurisdiction on two principal bases: (1) when the case "arises under" federal law; or (2) where complete diversity of citizenship exists between the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing party bears the burden of establishing federal jurisdiction, and any doubts must be resolved against removal. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. ANALYSIS

A. Motion to Remand

Defendants advance three arguments in support of remanding this case to state court. First, they argue that § 1441(a) unequivocally states that only a defendant may remove a case to

federal court.  Second, Defendants argue that the Plan's status as a counter-defendant does not make it a defendant within the meaning of § 1441(a), in part because a counterclaim cannot provide a proper basis for removal.  Third, Defendants argue that the Plain waived its right to remove this case to federal court.

Resolving Defendants' second argument is sufficient to decide the issue of remand, and so the Court does not reach Defendants' first or second arguments.  Thus, the deciding issue before the Court is the removal of a claim by a *plaintiff*, who argues federal jurisdiction is proper based on Defendants' counterclaims.  Specifically, the Plan argues that removal by it was proper because some of Defendants' counterclaims are subject to exclusive federal jurisdiction under ERISA.  (Pl.'s Resp. 6.)  Even recasting Defendants' claims as exclusively federal, as the Plan urges the Court to do, does not make removal proper on the basis of federal question jurisdiction.

Federal question jurisdiction under § 1331 "is governed by the 'well-pleaded complaint rule' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar*, 482 U.S. at 386.  The well-pleaded complaint rule marks the boundaries of federal question jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  This rule applies equally to the original jurisdiction of the district courts as well as to their removal jurisdiction. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009).

There is no dispute that the Plan's claims fail to provide a basis for federal jurisdiction, pursuant to the well-pleaded complaint rule.  (*See* Pl.'s Resp. 4.)  Nevertheless, the Plan argues that this Court has jurisdiction based on the federal preemption of Defendants' ERISA counterclaims.  Complete preemption converts a state law complaint alleging a cause of action that falls within ERISA's enforcement provisions into one "stating a federal claim for purposes of the well-pleaded complaint rule." *Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d

525, 529 (5th Cir. 2009) (quoting *Metro. Life*, 481 U.S. 58, 65-66, (1987)). Thus, even if a plaintiff did not state a federal cause of action on the face of the complaint, the claim is necessarily characterized as federal "if it implicates ERISA's civil enforcement scheme." *Lone Star*, 579 F.3d at 529. However, the Plan ignores a critical distinction. In this case, the plaintiff seeks removal of Defendants' *counterclaims*.

Counterclaims in a state court action, even if they rely exclusively on federal law, do not "arise under" federal law and therefore cannot be removed to federal court by either the plaintiff or the defendant. *Vaden*, 129 S. Ct. at 1273. The Supreme Court's recent opinion in *Vaden v. Discover Bank* makes this point clear:

> A *complaint* purporting to rest on state law, we have recognized, can be recharacterized as one arising under federal law if the law governing the complaint is exclusively federal. Under this so-called complete preemption doctrine, a plaintiff's state cause of action may be recast as a federal claim for relief, making its removal by the defendant proper on the basis of federal question jurisdiction. A state-law-based *counterclaim*, however, even if similarly susceptible to recharacterization, would remain nonremovable. Under our precedent construing § 1331 . . . counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance.

*Id*. at 1273 (citation omitted).

Broadening a district court's federal question jurisdiction by allowing a counterclaim to establish federal jurisdiction would contravene several policies: it would allow a defendant to defeat a plaintiff's choice of forum merely by asserting a counterclaim; it would radically expand the number of removable cases; and it would serve to undermine the clarity and simplicity of the

well-pleaded complaint rule.  *Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  The well-pleaded complaint rule cannot be transformed into "the well-pleaded complaint-*or counterclaim* rule," even when the counterclaim relies exclusively on federal substantive law.  *Id.* at 832.

The Plan has premised federal question jurisdiction solely on Defendants' ERISA counterclaims.  Defendants' counterclaims, even if completely pre-empted by ERISA, do not provide the basis for "arising under" jurisdiction because no federal question appears on the face of the Plan's complaint.  This is true even if, as the Plan contends, Defendants' counterclaims are ERISA claims subject to the exclusive jurisdiction of federal courts.[1]  Therefore, federal question jurisdiction is lacking and removal was improper.

B. Attorneys' Fees and Sanctions

In their Motion to Remand, the Defendants request an award of reasonable attorneys' fees and costs under 28 U.S.C. 1447(c), as well as an award of sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The Court finds that Defendants are entitled to an award of attorneys' fees under § 1447(c); however, Defendants have not properly requested Rule 11 sanctions, so that request is denied.

Under Section 1447(c) "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In determining whether to award fees under § 1447(c), "the question [the Court] consider[s] . . . is whether the defendant had objectively reasonable grounds to believe the removal was legally

---

[1] This may seem to lead to awkward results when a *compulsory* counterclaim is subject to the exclusive jurisdiction of federal courts.  However, a claim subject to the exclusive jurisdiction of federal courts would not be a compulsory counterclaim in state court.  For instance, under Texas Rule of Civil Procedure 97(a), counterclaims must be "within the jurisdiction of the court" to be compulsory.  Therefore, if Defendants' counterclaims are truly subject to the exclusive jurisdiction of the federal courts, the state court below will dismiss them for want of jurisdiction, and Defendants would conceivably be able to advance them in a separate federal lawsuit.

proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). This standard is purely objective—the Court may award fees "even if removal is made in subjective good faith." *Id.* at 292.

The Plan's removal of this case on the basis of a federal counterclaim was in direct contravention of the Supreme Court's opinions in *Holmes Group, Inc. v. Vornado Air Circulation Systems*, 535 U.S. 826 (2002) and *Vaden v. Discover Bank*, 129 S. Ct. 1262 (2009). Relying on *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983), the Plan argued that the Supreme Court had "left the door open to the notion that, where a counterclaim raises an issue over which the federal courts have exclusive jurisdiction, removal on the basis of that counterclaim is appropriate." (Pl.'s Response 9.) However, the Supreme Court has been unambiguous in holding that a counterclaim may not supply a case with the subject matter jurisdiction necessary for removal: "Under our precedent construing § 1331, . . . counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden*, 129 S. Ct. at 1273.

Removal on a legal basis contravened by controlling Supreme Court case law falls short of being objectively reasonable. Therefore, the Court holds that Defendants are entitled to an award of all reasonable attorneys' fees and costs that would not have been incurred had the case remained in state court. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Within 14 days after the date of this Opinion, Defendants shall file with the Court proof of such attorneys' fees and costs.

In addition to their request for just fees and costs under § 1447(c), Defendants' Motion for Remand includes a request for an award of sanctions under Rule 11. However, as the Plan rightly points out, "[a] motion for sanctions must be made separately from any other motion."

Fed. R. Civ. P. 11. As Defendants' request for sanctions was part of their Motion for Remand, they have not properly moved for sanctions under Rule 11. Therefore, the Court denies Defendants' request for Rule 11 sanctions. Furthermore, even if Defendants were to properly move for sanctions, the Court would be hard pressed to understand why an award of Rule 11 sanctions is warranted when the Court has already awarded attorneys fees and costs under § 1447(c).[2]

IV.     CONCLUSION

For the reasons stated above, Defendants' Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the District Court of the 95th Judicial District, Dallas County, Texas. However, this Court retains jurisdiction solely to determine the amount, and order payment, of Defendants' reasonable attorneys' fees and costs.

**SO ORDERED.**

January 10, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

---

[2] *See Avitts*, 111 F.3d at 32 ("[Section] 1447(c) 'will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting an improper removal; *civil rule 11 can be used to impose more severe sanctions when appropriate*.'" (quoting H.R. Rep. No. 100-889, *reprinted in* 1988 U.S.C.C.A.N. 6033.) (emphasis added)). Even if properly made in a separate motion, the arguments for Rule 11 sanctions presented in Defendants' Motion to Remand seem to the Court to fall short of justifying the severe remedy provided by Rule 11.